Robert **WILLARD** and Kathleen Willard, both Individually and as Administrators of the Estate of Lara Willard, Plaintiffs,

v.

**TOWN OF LUNENBURG, Defendant.**

No. Civ.A. 98–40200–NMG.

United States District Court, D. Massachusetts.

July 31, 2001.

Ronald E. Harding, Weston, Patrick, Willard & Redding, Boston, MA, Paul J. Klehm, James B. Krasnoo Law Office, James Krasnol, Andover, MA, R. Brian Snow, Nashua, NH, for plaintiffs.

John J. Lang, Stanton & Lang, Lynnfield, MA, Robert M. Saltzman, Stoneham, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

### I. *Background*

On October 2, 1996, Laura A. Willard died from injuries sustained when her car collied with a dump truck allegedly owned by the Town of Lunenburg ("the Town") and operated by James Lynch ("Lynch"). Plaintiffs, Robert and Kathleen Willard ("the Willards"), are the parents of the decedent and the administrators of her estate. On September 28, 1998, the Willards filed this action against the Town and Lynch, asserting claims for wrongful death pursuant to M.G.L. c. 229, § 2 and intentional and negligent infliction of emotional distress.

On February 18, 1999, Lynch filed several counterclaims against plaintiffs and the decedent to recover for alleged physical and emotional injuries suffered as a result of the accident. He also filed a cross-claim for indemnification against the Town.

Lynch was dismissed from the instant case on April 27, 2001, when this Court granted his motion for summary judgment. A pretrial conference was held on May 25, 2001, at which this Court addressed the status of Lynch's counterclaims post-dismissal. Lynch was directed to refile his counterclaims in the form of a new complaint (if he wished to pursue those claims) and to file a motion to consolidate that new case with this action on or before June 11, 2001.

On June 5, 2001, Lynch filed a complaint against the Willards, Concord Group Insurance Co. ("CGI"), the alleged insurer of the vehicle involved in the subject motor vehicle accident, and Bert, Sell & Company, Inc. ("BSC"), the alleged claims adjuster for CGI. In substance, Lynch claims that the negligence of the Willards and of the decedent caused the accident which resulted in his physical and emotional injuries. The new complaint contains claims for 1) negligence and negligent and intentional infliction of emotional distress against the decedent, 2) negligence and negligent entrustment against the Willards, 3) interference with contractual relations against the decedent and the Willards, and 4) unfair settlement practices, in violation of M.G.L. c. 176D and M.G.L. c. 93A, against CGI and BSC.

Lynch did not file a motion to consolidate the new case (Civil Action No. 01–40096–NMG) with this action. In fact, apparently assuming that the two cases had already been consolidated, he filed the new complaint and papers related to both cases under the caption and number of this case. The Town, however, has filed a preemptive motion opposing consolidation to which Lynch has responded.

## II. *Discussion*

■ Fed.R.Civ.P. 42(a) provides:
When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

■ In determining whether to order consolidation, the court must first ask whether the two proceedings involve a common party and common issues of fact or law. *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc.*, 878 F.2d 5, 8 (1st Cir.1989). Once that determination has been made, the court has "broad discretion in weighing the costs and benefits of consolida-

tion to decide whether that procedure is appropriate." *Id.* If the threshold questions are resolved in favor of consolidation, it will usually be allowed unless the opposing party can demonstrate prejudice. *Id.*

The basic requirements for consolidation exist here in that 1) the Willards are parties to both cases and 2) both cases involve common questions of law (whether the negligence of the Willards and/or their deceased daughter caused or contributed to the accident) and fact (whether the decedent ran a stop sign). Nonetheless, countervailing factors weigh against consolidation.

First, Lynch disregarded the deadlines set by this Court at the pretrial conference. He failed to submit a motion for consolidation and cannot now complain, on the eve of trial, that the cases should be tried together. Moreover, in his new complaint, Lynch included claims that went well beyond his original counterclaims in this action. In fact, three such claims were specifically excluded as counterclaims previously.[1]

Second, all parties admit that consolidation would require postponement of the trial to conduct additional limited discovery, presumably with respect to CGI and BSC. The trial has been scheduled to commence on Monday, August 6, 2001 for over two months. Furthermore, Lynch's claims against CGI and BSC involve issues with respect to insurance settlement practices that are, at best, tangential to the ultimate question of negligence in the pending case and are likely to confuse the jury.

Finally, the Town has demonstrated that it may well be prejudiced by consolidation. Because Lynch is suing the parents of the decedent, a jury might view Lynch negatively and impute those feelings to his employer.

### ORDER

For the foregoing reasons, Civil Action No. 01–40096–NMG will not be consolidated with

---

**1.** Those claims are for: 1) intentional infliction of emotional distress against the decedent, 2) interference with contractual relations against the decedent and the Willards, and 3) unfair settlement practices against CGI and BSC.

Civil Action No. 98–40200–NMG which will proceed to trial as scheduled.

So ordered.